STATE OF MAINE

KENNEBEC, ss.

JONATHAN BLUMBERG,

Plaintiff

v.

TOWN OF VASSALBORO,

Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-66

SK, - KEN - 9/20/2006

**SUMMARY JUDGMENT**

DONALD L. GARBRECHT
LAW LIBRARY

OCT 16 2006

This matter came on for hearing before the court on a variety of motions by the parties to this appeal of the decision of the Planning Board for the Town of Vassalboro *et al.* pursuant to M.R. Civ. P. 80B. The premiere motion, which if granted would render moot the other motions and dispose of the appeal, is the motion for summary judgment filed by the Town of Vassalboro. This motion will be considered first.

### Procedural Background

Plaintiff Blumberg brought this action naming as defendants Town of Vassalboro and Paul Morneau in an appeal pursuant to M.R. Civ. P. 80B from the final decision of the Vassalboro Planning Board. This decision of December 20, 2004, approved the Mystic Ridge Subdivision being developed by defendant Morneau. Defendant Town of Vassalboro immediately challenged Blumberg's standing to seek this review, arguing that he is not an abutting landowner, he resides more than a half mile from the subdivision with several other properties lying between and he can show no particularlized injury. In this regard, the defendant moved for a limited trial of the facts to develop the factual predicate on this issue as necessary. That motion was granted on January 5, 2006, and the requested trial of the facts was ordered unless the parties were able to stipulate to those facts, as necessary. In February 2006, the town explained that

it had not filed the record on appeal with its previous motion, again bringing to the court's attention its position that plaintiff Blumberg lacked standing to bring the appeal. Also in February, defendant Morneau filed a motion to dismiss for failure to state a claim pursuant to M.R. Civ. P. 12(b), again challenging the standing of plaintiff Blumberg. This motion was followed by another spate of activity including Blumberg's attempt to disqualify counsel for the Town of Vassalboro.

Finally, on April 5, 2006, the Town of Vassalboro filed its motion for summary judgment, bringing to a head the standing issue. Although the town had earlier brought its motion for a trial of the facts, which was granted, this would not prevent the town from testing Blumberg's position by bringing the subsequent motion supported by appropriate affidavits.

Although the town's motion contained the notice that any opposition must be filed within 21 days and that failure to file a timely opposition would be deemed a waiver of objections and the motion may be granted without further notice or hearing, Blumberg made no response. Blumberg filed no affidavits, made no response to the town's statement of material facts and presented no other facts which would support a finding that he has particularized damages as the result of the Planning Board's decision.

The procedure for litigating motions for summary judgment, particularly the requirement of a defense, is set forth in M.R. Civ. P. 56(e). Included in that subsection is the following:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleadings, but must respond by affidavits or as otherwise provided in this rule, setting forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In the present case, the adverse party – plaintiff Blumberg – did not respond and the court finds that summary judgment is appropriate. Since the previous motion filed by defendant Morneau is grounded in the same standing issue, summary judgment will also be granted in favor of that defendant.

For the reasons stated, the entry will be:

Defendant town's motion for summary judgment is GRANTED and judgment shall be entered in favor of the town; defendant Morneau's motion to dismiss is GRANTED.

Dated: September 26, 2006

S. Kirk Studstrup
Justice, Superior Court

Date Filed 11/3/05     Kennebec     Docket No. AP05-66

County

Action Petition for Review

80B

J. STUDSTRUP

Jonathan Blumberg     vs.     Inhabitants of the Town of Vassalboro

| Plaintiff's Attorney | Defendant's Attorney   & Paul Morneau |
|---|---|
| Jonathan Blumberg, Pro Se<br>83 South Stanley Hill Road<br>Vassalboro, Maine 04989 | ALTON C. STEVENS, ESQ<br>PO BOX 708<br>WATERVILLE, ME 04903-0708<br><br>C.H. SPURLING, ESQ. (FOR PAUL MORNEAU)<br>TWO CHURCH STREET<br>GARDINER, ME 04345 |

| Date of Entry | |
|---|---|
| 11/3/05 | Review of Final Governmental Action, filed. s/Blumberg, Pro Se<br>Application of Plaintiff to Proceed Without Payment of Fees, filed.<br>s/Blumberg, Pro Se<br>Indigency Affidavit, filed. s/Blumberg |
| 12-02-05 | Received and filed for Defendant and Entry of Appearance by Attorney<br>Alton C. Stevens, Esq. as of this date. |
| 12/5/05 | Plaintiff's Motion for Enlargement of Time, filed.<br>Certificate of Service, filed. s/Blumberg, Pro Se<br>Affidavit, filed. s/Blumberg, Pro Se |
| 12/9/05 | ORDER ON APPLICATION TO PROCEED WITHOUT FEES, Studstrup, J.<br>The filing fee and service costs are waived.<br>Copies mailed to Pltf. and atty of record. |
| 12-14-05 | Received and filed by Attorney for Defendant, Alton Stevens, Defendant's<br>Motion for Trial of Facts with a proposed order thereon, and Defendant's<br>Memorandum in Opposition to Plaintiff's motion to extend deadlines. |
| 12/19/05 | Plaintiff's Motion to Nullify Papers, filed. s/Jonathan Blumberg, Pro Se<br>Proposed Order, filed.<br>Certificate of Service, filed. s/Blumberg, Pro Se<br><br>Plaintiff's Stipulation to Extension, filed. s/Blumberg, Pro Se<br>Certificate of Service, filed. s/Blumberg, Pro Se |
| 12/28/05 | Plaintiff's Withdrawal of Motion to Enlarge, filed. s/Blumberg, Pro Se<br>Plaintiff's Ex Parte Motion Rule 4(c), filed. s/Blumberg, Pro Se<br>Certificate of Service, filed. s/Blumberg, Pro Se |
| 12/30/05 | Defendant Town's Memorandum in Opposition to Plaintiff's Motion to Nullify<br>Papers, filed. s/Stevens, Esq. |
| 1/5/06 | ORDER, Studstrup, J.<br>The time within which defendant may file a motion for trial of the facts<br>is extended to 12/13/05.<br>Copies mailed to attys of record. |